BERANEK, Judge.
This is an appeal by plaintiff from a final judgment denying relief in a suit for injunction. The case is governed by Florida Appellate Rules, 1962 Revision, and suffers from various record deficiencies on appeal.[1]
Basically, the complaint alleges that the Pahokee Housing Authority was a governmental entity which had improperly approved a pension annuity policy for its retiring executive director. It was asserted that the executive director died before his retirement began and that the Pahokee Housing Authority had taken steps to disburse some portion of these retirement benefits to the widow of the decedent.
Appellant contended and attempted to prove in the trial court that a particular piece of real estate known as the “Sand Cut” property had been sold by the Housing Authority and the proceeds used to fund the retirement policy. Appellant contended that Laws of Florida 57-499 prohibited the use of these funds except for the purpose of construction of low rent housing facilities. Appellant relies on a narrow construction of Laws of Florida 57-499, which provides as follows:
In the event of the disposition of any such project by sale or otherwise, the proceeds thereof . . . shall be used to construct facilities .
The purpose of Laws of Florida 57-499 was to authorize the acquisition of certain labor camp properties by various local housing authorities from the Federal Public Housing Administration. The Pahokee Housing Authority was authorized to acquire certain particular housing projects designated as “L-C-l,” located at Canal Point, and “L-C-2 and 5”, located at Pa-hokee, Florida. In order to show that the “Sand Cut” property was within the statutory restriction, plaintiff had the burden of proving it was one of the labor camps specifically mentioned in the Act.
We have searched the record of the trial and the Sand Cut property was never identified as one of the particular properties transferred from the Federal Public Housing Administration to the Pahokee Housing Authority pursuant to Laws of Florida 57— 499. Indeed, no attempt was made to show the source of this property. Numerous knowledgeable witnesses testified but none was asked how the property was acquired. *1222 No deed was introduced and no records whatsoever were shown to be in existence regarding the source of or identify of the Sand Cut property. The record before this court does not even indicate the location of the property. It may well be that those who live in the vicinity are well aware of the origin of the Sand Cut property but there was no evidence in the record before the trial court nor before this court identifying this property, and the absence of such proof was fatal to the plaintiff’s suit for injunction.
We hasten to point out that this is not a case where plaintiff asserts public monies are being used for a private purpose. This argument was not made to the trial court nor to this court. See State v. Town of North Miami, 59 So.2d 779 (Fla.1952).
The judgment denying the requested injunction is affirmed.
AFFIRMED.
LETTS, J., concurs; SCHWARTZ, ALAN R., Associate Judge, dissents without opinion.

. The annuity policy and a deed conveying the property to a subsequent purchaser are absent from the record.